(33 Misc. Rep. 567.)

In re EVANS' WILL.

(Surrogate's Court, New York County. January, 1901.)

1. WILLS—ABANDONMENT OF CONTEST—RIGHT OF ATTORNEY TO PROCEED.

Where a contract by which an attorney is employed to contest a will authorizes his client to settle the cause before or after the commencement of the suit, the attorney is not entitled to proceed with the contest after his client has withdrawn, for the purpose of protecting his lien for services.

2. SAME.

Where a will contest is abandoned, an application to permit a witness who testified before a commissioner in Paris to sign his deposition before the probate clerk will be granted.

Application for the probate of the last will of Thomas W. Evans. Application to strike out objections, and to vacate an order for examination of nonresident witnesses. Application granted.

Wolcott G. Lane, for proponent.

Grant & Lockwood, for Edward A. Crane individually and as executor.

J. Noble Hayes, for David Keane, opposed.

THOMAS, S. It has long been the practice of this court to permit contestants in proceedings to admit wills to probate to withdraw their objections, notwithstanding the protests of their attorneys claiming liens for services. An unreported memorandum of Ransom, S., states the rule, and places it upon the ground that in probate cases the surrogate has special powers and duties imposed upon him by the statute, which vest in him the control, to a great extent, of the proceedings, irrespective of the wishes of the parties or their attorneys, and that the rights and interests of other parties require that a contest should not be continued to be prosecuted for the mere purpose of determining a controversy between one of the parties in interest and his attorney. In re Wittner (1890) Surr. Dec. 464. I am not disposed to overrule this decision, and, independent of it, I greatly doubt that the filing of objections to the probate of a will can be treated as the assertion of an affirmative cause of action, or as an answer containing a counterclaim, such as to require the establishment of a lien by the attorney under section 66 of the Code of Civil Procedure. However this may be, the agreement in writing made by the attorney Mr. Keane with his clients, which constituted his authority to appear and contest in their behalf, expressly provided that the parties of the second part (the clients) "shall be at liberty at any stage of the case, either before, during, or after suit commenced, to settle or compromise upon such terms as they may desire as to their respective interests." This reservation, so explicitly made and assented to, must control; and the remedy of the attorney, which must be against the results of the compromise, must be sought in some other tribunal. These considerations require the granting of the application to strike out the objections and to vacate the order for the examination of the nonresident witness to the will, made upon the footing of the objections.

There being now no one before the court entitled to resist probate of the will offered, the application to permit the witness who testified before the commissioner in Paris to sign his deposition before the probate clerk must also be granted.

Decreed accordingly.

<hr>

(33 Misc. Rep. 671.)

## In re EVANS' WILL.

(Surrogate's Court, New York County. January, 1901.)

CONTEST OF WILL—RIGHT OF ATTORNEY TO APPEAL.

Code Civ. Proc. § 2584, provides that a perfected appeal from an order or decree of the surrogate shall stay further proceedings in the surrogate court. Section 2569 authorizes a person entitled to be heard in proceedings before the surrogate, or who has acquired such interest after an order is made, to appeal therefrom, though he is not a party to the proceedings. *Held*, that the probate of a will will not be stayed on an appeal by an attorney from an order refusing to allow him to proceed with a will contest to protect his lien for fees after his client has abandoned the contest.

Application for the probate of the will of Thomas W. Evans. Application for the stay of proceedings pending an appeal. Application denied.

Wolcott G. Lane, for proponent.

Crane & Lockwood, for E. A. Crane individually and as executor.

J. Noble Hayes, for David W. Keane, seeking stay of proceedings.

THOMAS, S. The objections filed to the probate of the will have been withdrawn upon the consent of the party and under an order made contrary to the insistence of Mr. Keane, his attorney, who claimed a right to continue the contest in the assertion of a lien. From this order an appeal has been taken by Mr. Keane. He has given the undertaking required to perfect the appeal, and he now argues that the proceeding for the probate of the will is stayed. In this view I cannot concur. Mr. Keane is not a party to the proceeding. He is not named either in the petition or the citation. He has never appeared, except as attorney for certain of the parties in interest; and he has not, by any order of this court, been permitted to intervene, and become a party. His appeal to the appellate division is only permissible if he is entitled by law to be heard in the proceeding for probate on his application. If he is so entitled by law to be heard, he may intervene and appeal; if he is not so entitled by law to be heard, he has no such right of appeal, and an attempted appeal is a nullity, and cannot effect a stay of proceedings. Code Civ. Proc. §§ 2569, 2584. The question as to this right to be heard is now before me, and it is my plain duty to pass upon it. I may decide wrongly, and, in that event, I may make an order that will ultimately require to be rescinded; but this is an incident to all judicial action made subject to appellate review. I have already determined against the contention of the attorney as to his legal right to a hearing in this proceeding, and, seeing no just cause for changing my ruling, I adhere to it. On the ground, therefore, that on